UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                            :

DAVON HOWARD BANKS,                  :

                                          :

                         Plaintiff,       :         13-cv-5253 (NSR)

    -against-                          :

                                          :         OPINION AND ORDER

CORRECT CARE SOLUTIONS et al.,    :

                                          :

                      Defendants.     :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Plaintiff, Davon Howard Banks ("Plaintiff"), an inmate at the Westchester County

Department of Corrections, commenced this action against Correct Care Solutions, N.P. Watson

Baptiste, Mrs. Coine, Dr. Kaluvia, N.P. J. Powe, R.N. Jessica Annusiano, N.P. Jins Joy, Greg

Nardo, and R.N. Ascencio (collectively, "Defendants").

      On May 19, 2014, Defendants moved to dismiss the action pursuant to Federal Rule of

Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  On July 2,

2014, the Court granted Plaintiff's request for an extension of time to respond to the motion and

ordered that any opposition brief be served by August 5, 2014, and that any reply brief be served

by August 19, 2014.  Defendants have since informed the Court that Plaintiff did not serve any

opposition brief.  Nor did Plaintiff file a brief.[1]  Thus, although the Court considers the instant

motion to be opposed, the record is silent as to the grounds for that opposition.

## COMPLAINT

      Plaintiff filed a complaint on July 26, 2013 (dkt. no. 2).  Months later, on April 28, 2014,

---

[1] Plaintiff did, however, file a notice of change of address on September 17, 2014, which states that Plaintiff no longer is incarcerated (dkt. no. 50).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/2014

Plaintiff filed what appear to be supplemental pleadings (dkt. no. 34).  As Defendants have done, the Court will construe the complaint and the supplemental filing jointly, in assessing the operative allegations.  Because Plaintiff is proceeding *pro se*, the Court accords the pleadings leniency and construes them to raise the strongest claims and arguments they suggest.  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

At bottom, Plaintiff seeks $750,000 in "monetary compensation" for "emotional abuse, pain and suffering, mental anguish, defamation of character, violation of his Constitutional Rights under the 8th, 4th and 14th Amendments, libel, deprivation of mental health services and medical attention, negligence, fraud, discrimination and violation of the Americans with Disabilities Act."  *See* Complaint ("Compl.") ¶ V (dkt. no. 2).

In support of these claims, Plaintiff contends that on five separate dates, March 17, 2013, March 20, 2013, March 18, 2013, May 7, 2013, and June 15, 2013, at the Westchester County Department of Corrections "Old Jail Medical Clinic and Psych Housing," Plaintiff was placed in general population instead of "psych housing," was not allowed to receive "meds," and ended up in the "S.H.U." (presumably, the security housing unit).  *Id.* ¶ II.  Plaintiff alleges that various individuals falsified medical documents and statements and left him to die.  *Id.*

Plaintiff contends he stayed up for some 276 hours, his heart stopped, his lungs collapsed, and he suffered "complete trauma and unbelievable affliction."  *Id.* ¶ III.  In his supplemental pleadings (dkt. no. 34), Plaintiff alleges that individual defendants took certain actions, and Plaintiff thereby adds detail to the complaint.  But in the original complaint, Plaintiff concedes that he is "still awaiting the outcome" of administrative grievance proceedings he "sent to Albany" under grievance number P-58-13.  *Id.* ¶ IV.

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss for "failure to state a claim upon which relief can be granted,"

Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord*

*Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion

to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not

bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework

of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A claim is facially plausible when the factual content pleaded allows a court "to draw a

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Ultimately, determining whether a complaint states a facially plausible claim upon which relief

may be granted must be "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 679.

## III. GROUNDS FOR DISMISSAL

### A.  All Claims Against Correct Care Solutions – Lack of Individualized Pleading

As noted above, Plaintiff's complaint and supplemental pleadings contain certain

allegations specific to individual defendants.  The pleadings are entirely silent, however, as to

defendant Correct Care Solutions.  Plaintiff does not even specify what, if any, employment

relationship exists between the individual defendants and Correct Care Solutions.

3

It is basic that individualized pleading regarding a defendant's involvement is required for there to be a well-pleaded claim against that defendant. *Iqbal*, 556 U.S. at 676; *see also Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (enumerating ways an individual defendant allegedly may have violated the Constitution).

Where, as here, the complaint's caption is the sole reference to a defendant, claims against that defendant do not withstand even the most generous facial review under Rule 12(b)(6). All federal and state claims against Correct Care Solutions are dismissed for lack of individualized pleading.

### B.  All Federal Claims Against All Defendants – Failure to Exhaust Administrative Remedies

Next, for any federal claim to survive against any defendant, Plaintiff must have satisfied the administrative exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides:  "'No action shall be brought with respect to prison conditions under Section 1983 . . . or any other federal law . . . by a prisoner . . . until such administrative remedies as are available are exhausted.'" *Goldberg v. St. Barnabas Hospital*, No. 01-cv-7435, 2005 U.S. Dist. LEXIS 2730, at *8 (S.D.N.Y. Feb. 22, 2005) (quoting statute). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies before commencing such lawsuits compels dismissal of federal claims asserted therein. *Booth v. Churner*, 532 U.S. 731, 742 (2001).

The face of the complaint makes plain that Plaintiff has not (or at least, had not, at the time of filing) exhausted administrative remedies.  Just the opposite, Plaintiff concedes he is "still awaiting the outcome" of the grievance procedure he "sent to Albany."  Compl. ¶ IV.  It therefore appears that available administrative remedies remain pending, and beyond that, the Court is unable to assess from the pleadings how, if at all, Plaintiff's subsequent release from incarceration has impacted those remedies.  Accordingly, the Court dismisses all federal claims against all Defendants for apparent failure to exhaust administrative remedies.

### C.  All State Law Claims Against All Defendants – Supplemental Jurisdiction

Last, Plaintiff asserts certain claims that appear grounded, if at all, in New York State common law (e.g., defamation, libel, negligence and fraud).  "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c)(3).  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Dilaura v. Power Auth. Of N.Y.*, 982 F.2d 73, 80 (2d Cir. 1992).

This appears to be the usual case.  Seeing no contrary argument from Plaintiff, nor any contrary authority, which might compel the Court to retain jurisdiction despite the elimination of all federal claims, this Court dismisses all state law claims as against all Defendants, without

prejudice to any right Plaintiff may have to renew those claims in state court if timely.

## VI. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the complaint is GRANTED in its entirety, and all claims are hereby dismissed as against all Defendants.  The Clerk of Court is directed to terminate this action entirely.


Dated: October 27, 2014                                          SO ORDERED:
       White Plains, New York


                                                        _____
                                                              NELSON S. ROMÁN
                                                        United States District Judge